**In re McDILL COLUMBUS CORP., Debtor.**

**McDill Columbus Corp., Northwood Forest Apartments, Inc., McDill of Texas 2, Inc., and Partners Northwood, Ltd., Plaintiffs,**

**v.**

**U.S.A. Metropolitan Tax Credit Fund II, LP, Richman Metropolitan Tax Credit, LP, Richman Metropolitan, Inc., and the Richman Group of Connecticut, L.L.C., Defendants.**

**Bankruptcy No. 00–2740–8P1.**
**Adversary No. 00–626.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 22, 2001.

Harley E. Riedel, II, Stichter, Riedel, Blain & Prosser, Tampa, FL, for debtor.

P. Andrew McStay, Westheimer, Houston, TX, Kevin Joseph McEvily, Louisiana, Houston, TX, for plaintiffs.

Patricia W. Prewitt, Houston, TX, John Michael Dorman, Houston, TX, Murray J. Fogler, Houston, TX, Scott L. Baena, Miami, FL, Robert W. Turken, Miami, FL, Susan J. Brandt, Houston, TX, for defendants.

## ORDER ON PLAINTIFFS' EMERGENCY MOTION TO REMAND LAWSUIT TO STATE COURT OR, IN THE ALTERNATIVE, TO ABSTAIN

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in this yet to be confirmed Chapter 11 case of McDill Columbus Corp. (Debtor) is a Motion to Remand Lawsuit to State Court or, in the Alternative, to Abstain. What is unusual about the instant Motion is that it is not filed by the Defendants but by the Plaintiffs, one of whom is the Debtor, who initially filed the civil lawsuit in Texas and which they now seek to remand back to Texas.

The Motion is resisted by the Defendants named in the lawsuit and it is the Defendants, and not the Plaintiffs, who contend that the removed civil lawsuit should stay in this Court. Further, the Plaintiffs are the ones who contend that the removal was improper and that there is no federal jurisdiction; therefore, it should be remanded back to the initial forum or, in the alternative, this Court should abstain from entertaining the civil lawsuit removed pursuant to 28 USC § 1334(c) of the Code.

In order to place the Motion under consideration in an understandable posture, a detailed discussion of the major players and their respective roles in the civil lawsuit involved is absolutely necessary.

## THE MAJOR PLAYERS IN THE CIVIL SUIT SOUGHT TO BE REMANDED OR SOUGHT TO BE SUBJECT TO ABSTENTION

McDill Columbus Corp. (Debtor) is a holding company and owns 100% of all outstanding and authorized shares in Northwood Forest Apartments, Inc. (Northwood) and McDill of Texas 2 (McDill of Texas). Northwood is the General Partner and McDill of Texas is the 99% limited partner of Partners Northwood, Ltd. (Partners). None of the affiliates of McDill Columbus just described are involved as debtors in any case filed under Title 11.

Partners is the record owner of a large low income housing complex located in Harris County, Texas (the complex). The complex is operated by Northwood who collects all of the rents from the complex.

### TEXAS LITIGATION

Prior to the commencement of this Chapter 11 case, the Debtor and its Affiliates Northwood, McDill of Texas and Partners (Plaintiffs) filed a lawsuit in the District Court for the 127th Judicial Circuit in and for Harris County, Texas (State

Court). The Plaintiffs sued U.S.A. Metropolitan Tax Credit Fund II, L.P. (USA Metropolitan); Richman Metropolitan Tax Credit Funds, L.P. (Richman Tax Credit); Richman Metropolitan, Inc. (Richman Metro); and The Richman Group of Connecticut, L.L.C. (Richman Group) (collectively referred to as the Defendants).

The claims under consideration are set forth in the Third Amended Petition (Complaint). In this Complaint, the Plaintiffs set forth their claims in seven counts. In Count I of the Complaint the Plaintiffs seek, by way of declaratory relief, a determination of the legal status of USA Metropolitan in Partners. The claim in Count II is a claim for damages for breach of contract asserted by the Debtor and Partners against USA Metropolitan, Richman Tax Credit and Richman Metro. The claim in Count III is based on conversion asserted by Partners against USA Metropolitan. The claim in Count IV is based on tortious interference with contract asserted by Partners and the Debtor against USA Metropolitan.

The claim in Count V is based on a quasi-contractual relationship and promissory estoppel asserted by Partners against USA Metropolitan. The claim in Count VI is based on fraud asserted by Partners and the Debtor against USA Metropolitan, Richman Tax and Richman Metro. The claim in Count VII is based on an alter ego allegation by Partners contending that the Richman companies are alter egos of Richard Paul Richman.

In due course, the Defendants filed their Answers coupled with a Counterclaim filed by USA Metropolitan. In Count I of the Counterclaim, USA Metropolitan sought the same relief the Plaintiffs sought in Count I of its Complaint, which is a declaratory decree concerning the interest of USA Metropolitan in Partners. The claim in Count II of the Counterclaim is based on breach of contract asserted by USA Metropolitan against Partners and Northwood and McDill of Texas. The claim in Count III of the Counterclaim is a suit on a promissory note against Partners.

To further complicate this already confusing procedural chaos is a pleading referred to at times as a "Third–Party Complaint" and at times as a "Cross-claim." In fact, it appears to be part of the Counterclaim filed by USA Metropolitan against the law firm of Porto, Trueheart, McStay, and Darcy, L.L.C. (Law Firm). It is part of Count IV of the Counterclaim and is based on fraud, negligent misrepresentation, and conspiracy alleged against the Law Firm as a Defendant, not originally a named litigant. All claims asserted in the Counterclaim are based on the laws of Texas just as the claims asserted by the Plaintiffs in the Third Amended Complaint.

## THE STATUS OF THE TEXAS LITIGATION

Although in the civil lawsuit the Plaintiffs also named several "John Doe Corps." as defendants, so far none of the John Does have been identified and served. All of the Defendants who have filed their Answers and Counterclaims have demanded a trial by jury.

The Plaintiffs filed a Motion for Partial Summary Judgment directed to Count I of the Third Amended Complaint and in due course, the Motion was heard. The State Court granted the Motion for Summary Judgment and ruled that the limited partners were not substituted and the Defendants could not effectuate a replacement of the General Partner. As a result of the ruling, Northwood continued to run the complex, which is apparently a very successful operation. The ruling apparently resolved a threshold and a central issue, which left for resolution the respective

damage claims of the Plaintiffs and the claims set forth in the Counterclaim, including the claim against the Law Firm.

All Defendants are domiciled in Texas. The properties which are really the central nucleus of this complex litigation are also located in Texas. The vast majority of witnesses are in Texas and the only nexus with the State of Florida is the Debtor's residence.

This lawsuit has been actively litigated in Texas for over four years. The parties have conducted extensive discovery, taken nineteen depositions and seven full boxes of documents have been produced. There have been two Temporary Restraining Order hearings, six discovery hearings, three pre-trial conferences, four hearings on Motions for Summary Judgments, and two unsuccessful mediations. The remaining issues had been set for trial by the State Court to commence on May 30, 2000. Of course, when the Debtor filed its Notice of Removal on April 28, 2000, this automatically removed the lawsuit from the trial calendar in Texas.

Basically these are the undisputed facts based on which the Plaintiffs, including the Debtor and, as noted not the Defendants, request the undersigned either to remand the civil lawsuit back to Texas or, pursuant to 28 U.S.C. § 1334(c), to abstain and not to keep this civil lawsuit in this Court.

## LEGAL ANALYSIS

Before ruling on the Motion to Remand it is necessary to first consider 28 U.S.C. § 1452, which determines what claims related to a bankruptcy case could be removed. This section provides as follows:

Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such go governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

It is clear from the foregoing that before a claim can be removed under the Statute, the District Court must have jurisdiction of the claim under 28 U.S.C. § 1334, which provides in part:

28 U.S.C. § 1334. Bankruptcy cases and proceedings:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that converse exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

It is beyond peradventure that the District Court had no jurisdiction under subclause (a) (original exclusive jurisdiction of

cases under Title 11). Subclause (b) gives the district court jurisdiction of claims "arising in," "arising under," or "related to" a case under Title 11. There is no serious dispute that the claims under consideration are neither "arising in" nor "arising under." But, it is contended by the Defendant that they are "related" to the Chapter 11 case of the Debtor.

Although the Debtor is not a claimant in several counts of the Third Amended Complaint, i.e., in Counts I, III, V, and VII, the claimants are referred to as the "Plaintiffs," which by inference also includes the Debtor, even though no specific claims are asserted by the Debtor. To overcome the obvious difficulty and to make a persuasive showing that the claims are "related," the Defendants point out that the resolution of this controversy is indispensable to the conclusion of the confirmation process of the Plan of Reorganization filed by the Debtor. The Plaintiffs concur with this proposition. In light of this, the Defendants contend that it ill-behooves the Plaintiffs to contend that the claims do not play a significant, if not an indispensable role, in the confirmation process yet still maintain that the claims are not "related" to the Chapter 11 case of the Debtor.

If one is willing to accept the Machiavellian principle that "the end justifies the means" one might concede that a speedy resolution of the reorganization process is highly desirable and a laudable goal consistent with the congressional policy in enacting Chapter 11 and that retention of this civil proceeding promotes this policy. However, the Court is satisfied that the specific perimeters established by Congress, which govern the jurisdiction of the District Courts over civil proceedings under 28 U.S.C. § 1334(b), have been established over civil proceedings, i.e., trumps any laudable policy.

Courts construing the term "related to" initially concluded that if the litigation doesn't have any conceivable effect on the estate it is not "related." *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). This approach would support the position of the Defendants because it is clear that in the suit removed there are some claims asserted by the Debtor and there are some claims asserted against the Debtor, thus the resolution of those claims certainly have more than a "conceivable effect" on the reorganization process if the controversy is related.

■ The Plaintiffs contend, however, that before a claim is deemed to be related, the parties must also be related, citing *In re Wood*, 825 F.2d 90 (5th Cir.1987). A close reading of *Wood* leaves no doubt that what is meant by "related parties" is that the controversy must be between a debtor and a third party, or the converse. Litigation between non-debtors is not a civil proceeding related to a case under title 11. Plaintiffs cite In the *Matter of Walker*, 51 F.3d 562, 569–70 (5th Cir.1995), and *In re Pettibone*, 135 B.R. 847 (Bankr.N.D.Ill. 1992). Even a cursory review of the numerous claims asserted in the Third Amended Complaint, in the Counterclaim, and in the so-called Third Party Complaint against the Texas law firm, leaves no doubt there are numerous claims in which the Debtor is neither a Plaintiff nor a Defendant. For instance, the Debtor clearly has nothing to do with Count III of the so-called Third Party Complaint filed against the Law Firm, neither with the claims in Counts II and III of the Counterclaim (breach of contract and suit on a promissory note).

■ Moreover, as noted earlier, in several Counts the claims asserted are by the Plaintiffs, without identifying the Debtor and there is no specific allegation as to any involvement of the Debtor in the conduct

of the operating elements of the claim involved. In sum, while some counts of the Third Amended Complaint may set forth related claims, unless the clearly non-related claims could be severed, the removed suit cannot be retained in this Court.

The Defendants contend that there is pendent jurisdiction over the non-related claims. This might be true although it would require an amendment to close the gap between the named Plaintiffs and the Debtor and this is still not true concerning some of the Counts.

■ Assuming without conceding that the Third Amended Complaint passes the muster and there is related jurisdiction, this still leaves for consideration the Motion to Abstain filed pursuant to 28 U.S.C. § 1334(c). Although the Motion only refers to subclause (c), the argument was focused on subclause (c)(2), mandatory abstention which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11, or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The civil suit removed to this court was filed in a State Court of Texas; it has been pending for more than four years and is still pending. It was set for trial when the Debtor filed its Petition for Relief under Chapter 11. The lawsuit is based on pure state law and, ostensibly, could be speedily adjudicated. Everything being equal, this appears to be a classic case of mandatory abstention pursuant to 28 U.S.C.

§ 1334(c)(2). The Defendants point out, however, that the subclause also provides that it is applicable only if the action could not have been commenced in the District Court. In the present instance, there is nothing in the record which would warrant the conclusion that there is no federal jurisdiction. On the contrary, there is jurisdiction based on diversity. This record is unclear to find diversity as a basis for jurisdiction and it is certainly not true concerning the Counts in which the Debtor is neither a Plaintiff nor is a Counter–Defendant, including the so-called Third Party Complaint against the Texas law firm.

Be that as it may, it is not necessary to resolve the issue of the abstention based on subclause (c)(2) because, under the facts of this case, this Court is satisfied that subclause (c)(1), optional abstention, is appropriate for the following reasons:

First, the selection of the forum in the State Court was in a proper venue and all claims are based on pure state law and have nothing to do with any provisions of the Code. Second, the contention by the Defendant that the proceeding is "core" within the meaning of that term defined by 28 U.S.C. § 157(b) is far fetched. Further, the Defendant's contention that the proceeding is nexus to the administration the Chapter 11 case is, at most, tangential and contrary to the intimation by the Defendants that it is not somehow part of the claim allowance process which is clearly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Third, all parties with the exception of the Debtor and the majority of witnesses are in Texas. Fourth, the lawsuit has been pending in the State Court for over four years, has had extensive discovery, and could be adjudicated maybe just as early there, if not earlier, than it could be

adjudicated in the Bankruptcy Court. This is so because having determined that the claims are related, this Court lacks the power to enter final binding dispositive judgments or orders absent consent. Neither can this Court conduct a jury trial without consent of all parties, and there is no consent. As a result, while the District Court may permit this Court to supervise the pretrial proceedings, all of which apparently have been completed in Texas, the only thing this Court may accomplish is to rule on the preliminary matters, which have already been resolved, and possibly conduct a pretrial.

Having considered the totality of the record and argument of counsel, this Court is satisfied that it is appropriate to abstain from considering the suit removed from Texas pursuant to 28 U.S.C. § 1334(c)(1).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Plaintiffs' Emergency Motion to Remand Lawsuit to State Court, be and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that Plaintiffs' Alternative Motion to Abstain, be and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that leave be, and the same is hereby, granted to Plaintiffs to resume prosecution of this proceeding in the District Court for the 127th Judicial Circuit in and for Harris County, Texas.